1

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8  **Jerry Alan Wilson,**                    )
                                             )
9              **Petitioner,**                )     **CIV 13-02166 PHX SRB (MEA)**
                                             )
10             **v.**                         )     **REPORT AND RECOMMENDATION**
                                             )
11 **Charles L. Ryan, et al.,**              )
                                             )
12             **Respondents.**              )
                                             )
13 _____ )

14 **TO THE HONORABLE SUSAN R. BOLTON:**

15          Petitioner, proceeding pro se, filed a petition for

16 writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about

17 October 24, 2013, and filed an amended petition (Doc. 7) on

18 December 18, 2013. Respondents filed a Limited Answer to First

19 Amended Petition for Writ of Habeas Corpus ("Answer") (Doc. 14)

20 on March 27, 2014. Petitioner docketed a "Declaration as

21 Traverse" (Doc. 15) to the answer to his petition on April 3,

22 2014. Respondents contend that Petitioner did not timely file

23 his federal habeas action and that relief on Petitioner's claims

24 is barred because he did not properly exhaust his federal habeas

25 claims in the state courts.

26          **I Procedural History**

27          A direct criminal complaint issued in Maricopa County

28 Superior Court in CR 2010-161032 on November 10, 2010, charged

Petitioner with two counts of burglary in the second degree. Answer, Exh. A.  On September 30, 2011, with regard to this complaint, Petitioner pled guilty to one count of burglary in the second degree, with one prior felony conviction.  Id., Exh. B.  On November 2, 2011, pursuant to this conviction, Petitioner was sentenced to a term of ten years imprisonment.  Id., Exh. C.

Prior to the date Petitioner pled guilty in CR 2010-161032, an indictment returned April 12, 2011, charged Petitioner in CR 2011-116898 with one count of burglary in the second degree and one count of possession of burglary tools. Id., Exh. E.  On September 30, 2011, the same date he pled guilty in CR 2010-161032, Petitioner pled guilty to one count of burglary in the second degree, a class 3 felony, with regard to the indictment returned April 12, 2011.  Id., Exh. F.

Petitioner was sentenced in both cases on November 2, 2011.  The trial court imposed a term of three years of supervised probation on the conviction in the 2011 case, to be served consecutively to the ten-year term of imprisonment imposed pursuant to Petitioner's conviction in CR 2010-161032. Id., Exh. G.  At the time of sentencing Petitioner signed a document entitled "Notice of Rights of Review After Conviction and Procedure," which informed him that, to appeal his convictions and sentences, he was required to file a notice of post-conviction relief within 90 days.  Id., Exh. H.

Petitioner sought post-conviction relief in CR 2011-116898 by filing a notice pursuant to Rule 32, Arizona Rules of Criminal Procedure, which was docketed on February 28,

2012.   Id., Exh. I.   On March 5, 2012, the trial court dismissed the Rule 32 notice as untimely.   Id., Exh. J.   On March 27, 2012, Petitioner filed a motion seeking to vacate the March 5 order; Petitioner included the cause number for the 2010 case in the caption of that pleading.   Id., Exh. K.   In the motion Petitioner asserted he had delivered a Rule 32 notice to prison authorities on January 26, 2012.   Id., Exh. K.[1]

The trial court granted the motion to vacate the dismissal of Petitioner's Rule 32 action and ordered the state to respond.   Id., Exh. L.   In its response the state argued that Petitioner's Rule 32 action regarding his conviction on the 2011 charges could not incorporate his 2010 case by writing the 2010 cause number on the caption of his motion.   The state also asserted that Petitioner did not deliver his Rule 32 notice to prison authorities before January 31, 2012, and they attached to their pleading an affidavit to that effect signed by the prison mail clerk.   Id., Exh. M.

On July 10, 2012, the state trial court dismissed Petitioner's Rule 32 action as untimely, finding that he "failed to show that he mailed his notice within the time line

---

[1] Pursuant to the "prison mailbox rule," a prisoner's legal document is deemed "filed" on the date it is delivered to prison authorities for mailing. See, Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).   This rule applies to both state and federal legal pleadings. See Baker v. Bradley, 231 Ariz. 475, 478 n.1, 296 P.3d 1011, 1014 n.1 (Ct. App. 2013)(noting that, pursuant to the "prisoner mailbox rule," a pro se prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the Superior Court).

prescribed by Rule 32." <u>Id.</u>, Exh. N.[2]   The court also found

Petitioner's had not consolidated CR 2011-116898 with CR

2010-161032 for the purpose of an action for state post-

conviction relief.  <u>Id.</u>, Exh. N.

Petitioner sought review of this decision by the

Arizona Court of Appeals.  Petitioner argued: (1) "When 2 cases

have been consolidated for sentencing, does the filing of the

PCR notice with one number cover the other case?"; and (2) "When

prison officials fail to log outgoing legal mail and there is

evidence that prison officials do not log all outgoing legal

mail, was it error to find the notice un-timely though timely

delivered?"  <u>Id.</u>, Exh. P.   Petitioner also asserted that the

trial court erred by denying his request to consolidate CR

2011-116898 with CR 2010- 161032 for the purpose of state post-

conviction relief.  <u>Id.</u>, Exh. P.

While the petition for review by the appellate court

was pending, on September 4, 2012, Petitioner filed a second

notice pursuant to Rule 32 in the state trial court.  <u>Id.</u>, Exh.

R.  The pleading listed both the 2010 and 2011 cause numbers.

<u>Id.</u>, Exh. R.   On September 11, 2012, the state trial court

dismissed the second notice as untimely.  <u>Id.</u>, Exh. A.   The

trial court explained:

---

[2] Federal habeas courts are bound by a state court's determinations regarding the application of state law, <u>see</u> <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76, 126 S. Ct. 602, 603-04 (2005), and must presume the state court's factual findings are correct absent clear and convincing evidence to the contrary.  <u>See</u> 28 U.S.C.A. § 2254(e)(1).

    Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, the Notice of Post-Conviction Relief must be filed within 90 days of the entry of judgment and sentencing or within 30 days of the issuance of the final order or mandate from the appellate court. The defendant was sentenced on November 2, 2011, which means that his notice of post conviction relief was due no later than February 2, 2012.[3]

    The defendant, in a conclusory statement, claims that, pursuant to Ariz. R. Crim. P. 21.1(g), that there has been a significant change in the law that if applied retroactively to the defendant's case, it would probably affect the outcome of the defendant's conviction or sentences. Specifically, the defendant refers the recently decided United States Supreme Court decision of <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (U.S. 2012) [sic]. In <u>Martinez</u>, the United States Supreme Court held where, under state law, ineffective assistance of trial counsel claims must be raised during the first Rule 32 proceeding, a procedural default will not prohibit a federal habeas court from hearing those claims if, in the first Rule 32 proceeding, there was no counsel or counsel in that proceeding was ineffective. The <u>Martinez</u> holding does not apply to the defendant, nor does it provide relief at the state court level. <u>Martinez</u> may permit the defendant to seek relief in federal court. Therefore, defendant is not entitled to relief under Rule 32.1(g). Defendant's claim is nothing more than an untimely claim of ineffective assistance of counsel. Defendant cannot raise this claim in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Ariz. R. Crim. P. 32.4(a). As such, he is precluded post conviction relief.

<u>Id.</u>, Exh. S.

---

[3] The state calculated ninety days from the date of Petitioner's sentencing on November 2, 2011, as January 30, 2012. <u>See</u> Answer, Exh. M (Response to Defendant's Notice of Post Conviction Relief) at 2 n.1 & Exh. Q ("State's Response to Petition for Review) at 2 n.1. The state trial court does not explain how it arrived at the February 2, 2012, deadline. <u>Id.</u>, Exh. N.

Petitioner sought review of this order by the Arizona Court of Appeals. Id., Exh. T. The Arizona Court of Appeals consolidated both of the petitions for review and, on October 11, 2013, declined to review both of the state trial court's decisions dismissing Petitioner's Rule 32 actions. Id., Exh. U. Petitioner did not seek review of the appellate court's decision by the Arizona Supreme Court.

Petitioner docketed his federal habeas petition on October 24, 2013, and docketed an amended petition (Doc. 7) on December 18, 2013. In the amended petition he asserts that his Fourteenth Amendment rights were violated because he was denied the right to file a direct appeal of his convictions and sentences, and because there was no factual basis for his guilty pleas.

## II Analysis

### A. Statute of limitations

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Pursuant to AEDPA, petitions for habeas corpus must be filed within one year of the start of the limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 1811 (2005). As explained infra, the

-6-

limitations period is subject to statutory tolling under the terms of AEDPA or equitable tolling under extraordinary circumstances.

The limitations period begins to run when the state conviction becomes final, either "upon 'the conclusion of direct review or the expiration of the time for seeking such review.'" White v. Klitzkie, 281 F.3d 920, 923 (9th Cir. 2002), quoting 28 U.S.C. § 2244(d)(1)(A).  For an Arizona non-capital defendant who pleads guilty, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32, Arizona Rules of Criminal Procedure.  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007).

Petitioner's conviction became "final" when the time expired for him to take a timely first appeal "of right" from his convictions and sentences, i.e., February 2, 2012.  At that time, Petitioner had not docketed a timely notice of post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Accordingly, the statute of limitations with regard to his federal habeas action began to run on February 3, 2012, and expired on February 2, 2013.  See, e.g., Hemmerle v. Schriro, 495 F.3d 1069, 1072-74 (9th Cir. 2007).  Therefore, the federal habeas petition, filed on or about October 24, 2013, was not timely.

-7-

The one-year limitations period is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is "pending" before the state court, and "must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies." 28 U.S.C. § 2244(d)(2). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). Accordingly, in Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the actual state habeas petition is not filed until later. See, e.g., Isley v. Arizona Department of Corr., 383 F.3d 1054, 1056 (9th Cir. 2004).

Petitioner's action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, did not statutorily toll the statute of limitations because this action was not "timely filed." The state trial court dismissed Petitioner's first Rule 32 action as untimely, finding that he "failed to show that he mailed his notice within the time line prescribed by Rule 32." Answer, Exh. N. Although a properly filed action for state post-conviction relief will toll the one-year statute of limitations, a state post-conviction action

-8-

that is not timely, pursuant to the state's procedural rules, is not a "properly filed" action which tolls the statute of limitations on a federal habeas action.  See, e.g., Pace, 544 U.S. at 414, 125 S. Ct. at 1812.  See also Allen v. Siebert, 552 U.S. 3, 5-7, 128 S. Ct. 2, 3-4 (2007) (holding that the rule announced in Pace applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter" for determining whether a petitioner is entitled to statutory tolling); White v. Martel, 601 F.3d 882, 883-84 (9th Cir. 2010); Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009) (rejecting contention that the state must prove that its rules concerning time bars are "firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling").

As the Supreme Court explained, "an application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "time limits upon its delivery."  Artuz v. Bennett, 531 U.S. 4, 8 (2000). Under the Arizona post-conviction relief statute and corresponding procedural rule a "proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."  Ariz. R. Crim. P. 32.4; see also Ariz. Rev. Stat. § 13-4234(A) (a post-conviction relief "proceeding is commenced by timely filing a notice of post conviction relief with the clerk of the court in which the conviction occurred.").

> A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." [] § 2244(d)(2). A petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered "pending," <u>Carey v. Saffold</u>, 536 U.S. 214, 225, 122 S.Ct. 2134, [](2002), or "properly filed," <u>Pace</u>, 544 U.S. at 418, 125 S.Ct. 1807, within the meaning of § 2244(d)(2).

<u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012).

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. <u>See</u> <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2554, 2562 (2010); <u>Bills v. Clark</u>, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace</u>, 544 U.S. at 418, 125 S.Ct. at 1814-15. <u>See also</u> <u>Ford v. Gonzalez</u>, 683 F.3d 1230, 1237 (9th Cir. 2012); <u>Porter v. Ollison</u>, 620 F.3d 952, 959 (9th Cir. 2010); <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In <u>Holland</u> the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." <u>Bills</u>, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas

-10-

petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g.,

<u>Porter</u>, 620 F.3d at 959; <u>Espinoza Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2004); <u>Gaston</u>, 417 F.3d at 1034.

A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." <u>See</u>, e.g., <u>Chaffer</u>, 592 F.3d at 1048-49; <u>Waldron-Ramsey</u>, 556 F.3d at 1011-14; <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Shoemate v. Norris</u>, 390 F.3d 595, 598 (8th Cir. 2004). Equitable tolling may be available when a petitioner can establish they are so mentally ill that they are incompetent. <u>Compare</u> <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir. 2003), <u>with</u> <u>Bills</u>, 628 F.3d at 1098. However, the vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. <u>See</u>, e.g., <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. <u>See</u> <u>Lee</u>, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u> at 938.

In reply to the answer to his habeas petition, which answer asserts that the federal habeas action was not timely, Petitioner contends that he mailed his notice of post-conviction relief from prison to the Maricopa County Superior Court on

January 26, 2012, and that it is not his fault this pleading was not properly logged as sent from the prison on that date.  See Doc. 15.   Petitioner has not stated a basis for equitable tolling of the statute of limitations.  Compare Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the circumstances of cases determined before and after Holland).   Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

## B. Exhaustion and procedural default

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729–30, 111 S. Ct. 2546, 2554–55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction

-13-

relief.  <u>See</u> <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999).  <u>See</u> <u>also</u> <u>Crowell v. Knowles</u>, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." <u>Wilson v. Briley</u>, 243 F.3d 325, 327 (7th Cir. 2001). <u>See</u> <u>also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003). In <u>Baldwin v. Reese</u>, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. <u>See</u> 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. <u>See</u>, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S.Ct. at 1351.

In order to fulfill exhaustion requirements, a petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 278, 92 S.Ct. 509, 513-14 (1971); <u>Libberton v. Ryan</u>, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the

-14-

substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277–78, 92 S. Ct. at 512–13, they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92–93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See

-15-

<u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060.  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); <u>Coleman</u>, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; <u>Szabo v. Walls</u>, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" <u>Ellis v. Armenakis</u>, 222 F.3d 627, 632 (9th Cir. 2000), <u>quoting</u> <u>Wells v. Maass</u>, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665 (9th Cir. 2005); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002).  <u>See</u> <u>also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the

grounds of a procedural bar); <u>Ortiz v. Stewart</u>, 149 F.3d 923, 931–32 (9th Cir. 1998).

### C. Cause and prejudice

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. <u>See</u> <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. <u>See</u> <u>Moorman v. Schriro</u>, 426 F.3d 1044, 1058 (9th Cir. 2005); <u>Vickers v. Stewart</u>, 144 F.3d 613, 617 (9th Cir. 1998); <u>Martinez–Villareal v. Lewis</u>, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). <u>See also</u> <u>Correll v. Stewart</u>, 137 F.3d 1404, 1415–16 (9th Cir. 1998). Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. <u>See</u>, <u>e.g.</u>, <u>Hughes v. Idaho State Bd. of Corr.</u>, 800 F.2d 905, 908 (9th Cir. 1986).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his criminal proceedings

with constitutional violations.  See Vickers, 144 F.3d at 617;

Correll, 137 F.3d at 1415-16.  Establishing prejudice requires

a petitioner to prove that, "but for" the alleged constitutional

violations, there is a reasonable probability he would not have

been convicted of the same crimes. See Manning v. Foster, 224

F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d

1136, 1141 (8th Cir. 1999). Although both cause and prejudice

must be shown to excuse a procedural default, the Court need not

examine the existence of prejudice if the petitioner fails to

establish cause.  See Engle v. Isaac, 456 U.S. 107, 134 n.43,

102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123

n.10.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas

claim is required if the petitioner demonstrates review of the

merits of the claim is necessary to prevent a fundamental

miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393,

124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316,

115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478,

485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage

of justice occurs only when a constitutional violation has

probably resulted in the conviction of one who is factually

innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649;

Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing

of factual innocence is necessary to trigger manifest injustice

relief). To satisfy the "fundamental miscarriage of justice"

standard, a petitioner must establish by clear and convincing

-18-

1  evidence that no reasonable fact-finder could have found him

2  guilty of the offenses charged.  See Dretke, 541 U.S. at 393,

3  124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842–43

4  (9th Cir. 2001).

5       **E. Adequate and independent state-law basis**

6           To constitute an adequate and independent state

7  procedural ground sufficient to support a state court's finding

8  of procedural default, "a state rule must be clear, consistently

9  applied, and well-established at the time of [the] petitioner's

10 purported default." Lambright v. Stewart, 241 F.3d 1201, 1203

11 (9th Cir. 2001).  A state rule is considered consistently

12 applied and well-established if the state courts follow it in

13 the "vast majority of cases." Scott, 567 F.3d at 580, quoting

14 Dugger v. Adams, 489 U.S. 401, 417 n.6, 109 S. Ct. 1211, 1221 n.

15 6 (1989).  Additionally, for the proffered state procedural bar

16 to preclude the consideration of a habeas claim "the state court

17 must actually have relied on the procedural bar as an

18 independent basis for its disposition of the case." Caldwell v.

19 Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638–39 (1985).

20 See also Harris v. Reed, 489 U.S. 255, 261–62, 109 S. Ct. 1038,

21 1042 (1989).

22           "[A] procedural default does not bar
             consideration of a federal claim on either
23           direct or habeas review unless the last state
             court rendering a judgment in the case
24           clearly and expressly states that its
             judgment rests on a state procedural bar."
25           Harris, 489 U.S. at 263, 109 S.Ct. 1038, 103
             L.Ed.2d 308 [ ].... Sanders v. Cotton, 398
26           F.3d 572, 580 (7th Cir. 2005) (where the
             state appellate court's discussion of waiver
27           is intertwined with its merits analysis, the

28                              -19-

state court's decision does not rest on an
independent and adequate state law ground)
....

Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009) (some
internal citations and quotations omitted). See also Scott, 567
F.3d at 581-82.

Petitioner did not raise the same claims presented in
his federal habeas petition to the Arizona Court of Appeals in
a procedurally correct manner. Petitioner has not shown cause
for, nor prejudice arising from his procedural default of his
federal habeas claims, nor has Petitioner shown that he is
factually innocent of the crimes of conviction. Accordingly,
relief may not be granted on the basis of Petitioner's
procedurally defaulted claims.

**III Conclusion**

Petitioner did not file the habeas petition within one
year of the date his state conviction became final. Petitioner
has not established that he is entitled to equitable tolling of
the statute of limitations. Additionally, Petitioner
procedurally defaulted his federal habeas claims in the state
courts. Petitioner has not shown cause for nor prejudice
arising from his procedural default of his claims nor has he
established that he is actually innocent of the crimes of
conviction such that the Court may grant relief on the merits of
those claims.

-20-

**IT IS THEREFORE RECOMMENDED that** Mr. Wilson's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation

1   of the Magistrate Judge.

2         Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District

3   Court must "issue or deny a certificate of appealability when it

4   enters a final order adverse to the applicant." The undersigned

5   recommends that, should the Report and Recommendation be adopted

6   and, should Petitioner seek a certificate of appealability, a

7   certificate of appealability should be denied because Petitioner

8   has not made a substantial showing of the denial of a

9   constitutional right as required by 28 U.S.C.A § 2253(c)(2).

10        DATED this 14th day of April, 2014.

11

12                          _____

13                               Mark E. Aspey
                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          -22-